IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00528-KDB-DSC

| | |
|---|---|
| WILLARD TURPIN AND MICHAEL JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>DUKE ENERGY CORPORATION, DUKE ENERGY BENEFITS COMMITTEE AND JOHN AND JANE DOES 1-30,<br><br>Defendants. | ORDER |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss the Amended Complaint (Doc. No. 30), the Memorandum and Recommendation of the Honorable Magistrate Judge David S. Cayer ("M&R") entered March 4, 2021, (Doc. No. 36) and Defendants' Objection to the M&R (Doc. No. 37). The Court has carefully considered this motion, the parties' briefs and other pleadings of record in this action. As discussed below, the Court concludes after its *de novo* review that the recommendation to deny Defendants' motion is correct and in accordance with law. Therefore, the findings and conclusions of the Magistrate Judge will be **ADOPTED** and the Motion to Dismiss will be **DENIED**.

I. LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate

1

judge's proposed findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, the Court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 255 (4th Cir. 2009). The court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cty., N. Carolina, No. 19-2012, 2022 WL 53977, at *1 (4th Cir. Jan. 5, 2022); E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc*., 637 F.3d 435, 440 (4th Cir. 2011). In so doing, the Court "must view the facts presented in the pleadings and

the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II. FACTS AND PROCEDURAL HISTORY

In this putative class action, Plaintiffs, who allege they are a current and former participant in the Duke Energy Retirement Savings Plan (the "Plan"), assert claims under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), on behalf of themselves and other current and former Plan participants against Defendants Duke Energy Corporation ("Duke Energy"), the Duke Energy Benefits Committee ("Committee"), and other unnamed individuals or entities to whom Duke Energy delegated fiduciary functions or responsibilities (currently designated as John and Jane Does 1-30). In summary, Plaintiffs allege that Defendants breached their fiduciary duties with respect to the Plan in violation of ERISA by requiring Plan participants to pay "excessive" record keeping fees and managed account fees and otherwise failing to adequately monitor the Plan's expenses charged to participants.

Upon the filing of an Amended Complaint (Doc. No. 28), Defendants moved to dismiss the action on the grounds that Plaintiffs' amended pleading did not sufficiently state a claim for breach of fiduciary duty. This Court referred the motion to the Magistrate Judge, who issued an

M&R concluding that under the applicable pleading standard Plaintiffs have stated a claim for breach of fiduciary duty under ERISA. (Doc. No. 36). Defendants timely filed an objection to the M&R. (Doc. No. 37).

### III. DISCUSSION

After a de novo review of Defendants' motion to dismiss and their objections to the M&R, the Court concludes that the M&R is correct in finding that Plaintiffs have sufficiently stated a claim for breach of fiduciary duty under ERISA. While the ultimate truth of Plaintiff's allegations will be determined through discovery and further proceedings, Plaintiffs have alleged that Plan participants paid excessive record keeping and account management fees (albeit with a quite modest level of specificity as noted by Defendants) and failed to adequately monitor the expenses charged to Plan participants. Therefore, Plaintiffs are entitled at this earliest stage of the case to an opportunity to pursue their claims. *See Hughes v. Northwestern Univ.*, 595 U.S. ____, No. 19-1401, 2022 WL 199351, at *4 (U.S. Jan. 24, 2022) (remanding ERISA claims alleging breach of fiduciary duty based in part on excessive record keeping fees that were improperly dismissed pursuant to a Rule 12(b)(6) motion).

Defendants' objections that Plaintiffs' claims are "meritless" and fail to adequately establish that Duke did not act in the best interests of Plan participants are, in primary effect, arguments on the merits rather than grounds as a matter of law to dismiss Plaintiffs' Amended Complaint with prejudice. Again, the full merits of Plaintiffs' claims are yet to be determined, but in light of the Supreme Court's recent unanimous decision in *Hughes v. Northwestern University* overruling the dismissal under Rule 12(b)(6) of a similar claim as well as this Court's allowing similar claims to proceed past a motion to dismiss in part in reliance on the M&R at issue here, see *Jones v. Coca-Cola Consol., Inc.,* No. 320CV00654FDWDSC, 2021 WL

4

1226551, at *4 (W.D.N.C. Mar. 31, 2021), Defendants' objections cannot be accepted as consistent with the governing law.

Accordingly, the Court will accept the recommendation in the M&R and deny Defendants' motion to dismiss.

## IV.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss the Amended Complaint (Doc. No. 30) is **DENIED;**

2. Pursuant to Local Rule 16.1 the Parties are required to conduct an Initial Attorney's Conference within 14 days of this Order and file a Certificate of Initial Attorneys' Conference within 7 days of the conference; and

3. This case shall thereafter proceed towards a resolution of the merits of Plaintiffs' claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: January 31, 2022

Kenneth D. Bell
United States District Judge