**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:20-CV-00528-KDB-DSC**

| | | |
|---|---|---|
| Michael Johnson and Willard Turpin, individually and as representatives of a class of similarly situated persons, and on behalf of the Duke Energy Retirement Savings Plan, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | **DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT** |
| v. | ) ) | |
| Duke Energy Corporation, Duke Energy Benefits Committee, and John and Jane Does 1-30, | ) ) ) | |
| Defendants. | ) ) | |

Defendants Duke Energy Corporation and Duke Energy Benefits Committee (collectively, "Defendants"), through their undersigned counsel, submit this Answer and Defenses to Plaintiffs' Amended Class Action Complaint ("Amended Complaint") [Doc. 28], as follows:

1.      Paragraph 1 states conclusions of law, to which no responsive pleading is required. To the extent that a response is required, Defendants deny all allegations of wrongdoing in Paragraph 1.

2.      Paragraph 2 quotes a judicial opinion and a publication, which speak for themselves and require no response. Footnote 1 within Paragraph 2 further characterizes information from a publication, which also speaks for itself and requires no response. The inclusion of Footnote 1 within Paragraph 2 also violates Fed. R. Civ. P. 10(b), and thus no response is required. Paragraph 2 also states conclusions of law, to which no responsive pleading is required. To the extent that a response is required, Defendants deny all allegations in Paragraph 2 and Footnote 1.

1

3.    Paragraph 3 states legal arguments and conclusions of law, to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 3.

4.    Paragraph 4 states conclusions of law, to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 4.

## JURISDICTION AND VENUE

5.    Paragraph 5 states conclusions of law, to which no responsive pleading is required.

6.    Paragraph 6 states conclusions of law, to which no responsive pleading is required. To the extent a response is necessary, Defendants admit that the Plans are administered in the State of North Carolina and that Defendants' principle place of business is in North Carolina as well.

## THE PARTIES

### PLAINTIFFS

7.    Defendants admit that Michael Johnson is a former participant in the Plan who was enrolled in the Plan's managed account service. Defendants lack sufficient information or knowledge to respond to the remaining allegations in Paragraph 7 and thus deny said allegations.

8.    Defendants admit that Willard Turpin has been a Plan participant enrolled in the Plan's managed account service. Defendants lack sufficient information or knowledge to respond to the remaining allegations in Paragraph 8 and thus deny said allegations.

### THE PLAN

9.    Defendants admit that the Plan was originally established by the Duke Power Company in 1959. To the extent that Paragraph 9 states differently, Defendants deny these allegations.

10.   Paragraph 10 asserts conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants admit that the Plan is a defined

contribution employee pension benefit plan. Defendants deny all other allegations in Paragraph 10.

11.     Paragraph 11 asserts conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants admit that the Plan is a qualified employee benefit plan and is maintained pursuant to a written instrument. Defendants deny all other allegations in Paragraph 11.

12.     Defendants admit that the Duke Energy Benefits Committee is the Plan Administrator and that Fidelity Management Trust Company is the trustee for the Plan. Defendants deny all other allegations in Paragraph 12.

13.     Paragraph 13 purports to characterize the Plan Documents, Forms 5500, and Summary Plan Descriptions for the Plans, all of which speak for themselves, thus no response is required. Paragraph 13 also presents a legal argument that does not require a response. To the extent a response is necessary, Defendants admit that from January 1, 2014 through December 31, 2019, the Plan had between 32,000 and 39,000 participants and held between approximately $6 and approximately $10 billion in assets. Defendants lack sufficient information or knowledge to respond to any remaining allegation in Paragraph 13, thus those allegations are denied.

14.     Paragraph 14 asserts conclusions of law to which no responsive pleading is required.  Footnote 2 within Paragraph 14 characterizes information from publications and a judicial opinion, which speak for themselves and require no response. The inclusion of Footnote 2 within Paragraph 14 also violates Fed. R. Civ. P. 10(b), and thus no response is required. Defendants admit that they offer company retirement matching contributions that provide a 100% match of before-tax and/or Roth contributions up to 6% of eligible pay for qualifying employees. Defendants deny all other allegations in Paragraph 14 and Footnote 2.

3

15. Defendants admit the allegations in Paragraph 15.

16. Defendants admit that the Plan offers a managed account service called Professional Management Program provided by Financial Engines Advisors, L.L.C. ("Financial Engines"), an independent investment advice and management services provider, and that Financial Engines charges participants who enroll in the program a basis point fee. Defendants deny all other allegations in Paragraph 16.

### DEFENDANTS

### *Duke Energy*

17. Defendants admit the allegations in Paragraph 17.

18. Duke Energy is a leading energy company focused on electric power and gas distribution operations and other energy services and is one of America's largest electric power holding companies. Duke Energy employs approximately 28,000 employees throughout the entirety of its corporation. Headquartered in Charlotte, N.C., Duke Energy owns 51,000 megawatts of electric generating capacity in North Carolina, South Carolina, Florida, Indiana, Ohio and Kentucky, and provides electricity to 8.2 million customers in those six states. Duke Energy's natural gas distribution system serves more than 1.6 million customers in North Carolina, South Carolina, Tennessee, Ohio and Kentucky. Duke Energy's commercial business owns and operates diverse power generation assets, including a portfolio of renewable energy projects. To the extent that the allegations contained within Paragraph 18 state otherwise, Defendants deny such allegations.

19. Paragraph 19 states conclusions of law, to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 19.

20.     Paragraph 20 quotes judicial opinions and states conclusions of law, to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 20.

21.     Defendants disclaim any obligation to respond to allegations regarding pseudonymous Defendants.

*Duke Energy Benefits Committee*

22.     Paragraph 22 asserts legal arguments and conclusions to which no responsive pleading is required. To the extent a response is required, Defendants admit that the Duke Energy Benefits Committee is the Plan Administrator. Defendants deny all remaining allegations in Paragraph 22.

23.     Paragraph 23 asserts conclusions of law, to which no responsive pleading is required. Footnote 3 within Paragraph 23 further asserts conclusions of law, to which no responsive pleading is required. The inclusion of Footnote 3 within Paragraph 23 also violates Fed. R. Civ. P. 10(b), and thus no response is required. Defendants further disclaim any obligation to respond to allegations regarding pseudonymous Defendants. To the extent that a response is required, Defendants deny all allegations in Paragraph 23 and Footnote 3.

24.     Paragraph 24 asserts legal arguments and conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 24.

## ERISA FIDUCIARY DUTIES

25.     Paragraph 25 quotes a judicial opinion and states conclusions of law, to which no responsive pleading is required.

26.     Paragraph 26 quotes a judicial opinion and states conclusions of law, to which no responsive pleading is required.

27.     Paragraph 27 quotes judicial opinions and states conclusions of law, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 27.

28.     Paragraph 28 quotes judicial opinions and states conclusions of law, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 28.

29.     Paragraph 29 summarizes judicial opinions and states conclusions of law, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 29.

## BACKGROUND ON DEFINED CONTRIBUTION PLANS AND SERVICE PROVIDER INDUSTRY

30.     Paragraph 30 summarizes information from publications, which speak for themselves and require no response. Footnote 4 within Paragraph 30 further characterizes a legal opinion and asserts conclusions of law, to which no responsive pleading is required. The inclusion of Footnote 4 within Paragraph 30 also violates Fed. R. Civ. P. 10(b), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and Footnote 4 and therefore deny them.

31.     Paragraph 31 states legal arguments and conclusions of law, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 31.

32.     Paragraph 32 asserts legal arguments to which no responsive pleading is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 32.

33.     Paragraph 33 asserts legal arguments to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 33.

## DEFENDANTS' FIDUCIARY BREACH

## I.     DEFENDANTS FAILED TO PROPERLY MONITOR OR CONTROL THE PLAN'S RECORDKEEPING EXPENSES.

34.     Paragraph 34 contains legal arguments to which no responsive pleading is required. Footnote 5 within Paragraph 34 further asserts legal arguments, to which no responsive pleading is required. The inclusion of Footnote 5 within Paragraph 34 also violates Fed. R. Civ. P. 10(b), and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 34 and Footnote 5.

35.     Paragraph 35 states conclusions of law, to which no responsive pleading is required. Defendants admit that recordkeeping services can charge fees upon a variety of bases, including fees charged in accordance with the number of participants in a plan and fees based upon assets in a plan. Defendants deny all other allegations included in Paragraph 35.

36.     Paragraph 36 states legal arguments and summarizes and quotes information gathered from a publication, which speaks for itself and requires no response. Footnote 6 within Paragraph 36 further quotes information gathered from a publication, which speaks for itself and requires no response. The inclusion of Footnote 6 within Paragraph 36 also violates Fed. R. Civ. P. 10(b), and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 36 and Footnote 6.

37.     Paragraph 37 states legal arguments and conclusions of law, to which no responsive pleading is required. Defendants admit that from January 1, 2014 through December 31, 2020, the Plan had between 32,000 and 39,000 participants and held between approximately $6 and

approximately $10 billion in assets. Defendants deny all other allegations included in Paragraph 37.

38.     Paragraph 38 states legal arguments and conclusions of law, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 38.

39.     Defendants admit that Fidelity has been the Plan's recordkeeper since at least 2009. Footnote 7 within Paragraph 39 asserts conclusions of law, to which no responsive pleading is required. The inclusion of Footnote 7 within Paragraph 39 also violates Fed. R. Civ. P. 10(b), and thus no response is required. To the extent a response is required, Defendants deny the allegations in Footnote 7. Defendants deny all other allegations in Paragraph 39.

40.     Defendants lack sufficient information or knowledge to respond to the allegations in Paragraph 40 concerning retirement plans other than the Duke Energy Retirement Savings Plan, and therefore deny them. Defendants deny all remaining allegations in Paragraph 40.

41.     Defendants lack sufficient information or knowledge to respond to the allegations in Paragraph 41 concerning retirement plans other than the Duke Energy Retirement Savings Plan, and therefore deny them. Footnote 14 within Paragraph 41 asserts legal arguments, to which no responsive pleading is required. The inclusion of Footnote 14 within Paragraph 41 also violates Fed. R. Civ. P. 10(b), and thus no response is required. To the extent a response is required, Defendants deny the allegations in Footnote 14. Defendants admit that Fidelity has been the Plan's recordkeeper since at least 2009, but deny all other allegations in Paragraph 41.

42.     The allegations in this paragraph purport to characterize a court decision in a different litigation, involving a different plan and different issues, which speaks for itself and requires no response. Other allegations in this paragraph purport to characterize the Plan's Form

5500 for 2019, which also speaks for itself and requires no response. Footnote 15 within Paragraph 42 summarizes information found within a Form 5500, which speaks for itself and requires no response. The inclusion of Footnote 15 within Paragraph 42 further violates Fed. R. Civ. P. 10(b), and thus no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 42 and Footnote 15.

43. Paragraph 43 asserts conclusions of law and legal arguments, thus no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 43.

44. Paragraph 44 asserts conclusions of law and legal arguments, thus no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 44.

## II.   DEFENDANTS FAILED TO MONITOR OR CONTROL THE PLAN'S MANAGED ACCOUNT FEES.

45. Paragraph 45 asserts legal arguments, conclusions of law and quotes a publication that speaks for itself, none of which require a response. To the extent that a response is required, Defendants deny the allegations in Paragraph 45.

46. Defendants admit that managed account service providers may charge fees based on the amount of assets held within an account. Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations within Paragraph 46 and therefore deny them.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations within Paragraph 47 and therefore deny them.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations within Paragraph 48 and therefore deny them.

49. Paragraph 49 asserts conclusions of law and quotes a publication that speaks for itself, neither of which require a response. To the extent that a response is required, Defendants deny the allegations in Paragraph 49.

50. Defendants admit that Financial Engines has provided managed account services for Plan participants since at least 2010. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations within Paragraph 50 and therefore deny them.

51. Defendants admit that at one time, prior to 2018, some Plan participants were charged a per annum 50-basis-point fee for participation in Financial Engines' Active Choice Professional Management Program. Defendants deny the remaining allegations in Paragraph 51.

52. Paragraph 52 purports to characterize another plan's fee disclosure statement, which speaks for itself and requires no response. Footnote 16 within Paragraph 52 also purports to characterize information contained in a disclosure statement, which speaks for itself and requires no response. The inclusion of Footnote 16 within Paragraph 52 also violates Fed. R. Civ. P. 10(b), and thus no response is required. To the extent a response is required, Defendants deny the allegations in Footnote 16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations within the first two sentences of Paragraph 52 and therefore deny them. Defendants deny all remaining allegations in Paragraph 52.

53. Paragraph 53 purports to characterize another plan's fee structure for managed account services; Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny them.

54. Defendants lack sufficient information or knowledge to respond to the allegations in Paragraph 54 concerning retirement plans other than the Duke Energy Retirement Savings Plan,

and therefore deny them. Defendants additionally lack sufficient information or knowledge to respond to the allegations in Footnotes 17 and 18, both of which purport to characterize information concerning retirement plans other than the Duke Energy Retirement Savings Plan. The inclusion of Footnotes 17 and 18 in Paragraph 54 also violate Fed. R. Civ. P. 10(b), and thus no response is required. To the extent a response is required, Defendants deny the allegations in Footnotes 17 and 18. Defendants deny all remaining allegations in Paragraph 54.

55.     Paragraph 55 asserts a hypothetical legal argument, to which no responsive pleading is required. Footnotes 19 and 20 within Paragraph 55 further present hypotheticals, to which no responsive pleading is required. The inclusion of Footnotes 19 and 20 within Paragraph 55 also violate Fed. R. Civ. P. 10(b), and thus no response is required. To the extent a response is required, Defendants deny the allegations in Footnote 19, Footnote 20, and Paragraph 55.

56.     Paragraph 56 states conclusions of law, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 56.

57.     Paragraph 57 states legal arguments, hypotheticals, and conclusions of law, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 57.

58.     Defendants admit that in 2019, some Plan participants were charged a per annum 33-basis-point fee for participation in Financial Engines' Active Choice Professional Management Program. Defendants deny the remaining allegations in Paragraph 58.

## III.    PLAINTIFFS LACKED KNOWLEDGE OF DEFENDANTS' CONDUCT AND OTHER MATERIAL FACTS.

59.     Paragraph 59 asserts legal arguments and conclusions of law, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 59.

60.     Paragraph 60 asserts legal arguments and conclusions of law, to which no responsive pleading is required. To the extent a response is required, Defendants deny those allegations.

## CLASS ACTION ALLEGATIONS

61.     Paragraph 61 asserts legal arguments and conclusions of law, to which no responsive pleading is required. To the extent a response is required, Defendants admit that Plaintiffs seek to bring claims as a class. Defendants deny that Plaintiffs are entitled to relief subject to any provision of ERISA or other law, and deny that class treatment pursuant to Fed. R. Civ. P. 23 is appropriate here.

62.     Paragraph 62 presents legal arguments, to which no responsive pleading is required. Footnote 21 within Paragraph 62 asserts a conclusion of law, to which no responsive pleading is required. The inclusion of Footnote 21 within Paragraph 62 also violates Fed. R. Civ. P. 10(b), and thus no response is required. To the extent a response is necessary, Defendants admit that Plaintiffs seek to bring claims as a class, but deny any entitlement to class treatment as provided within Paragraph 62 and Footnote 21.

63.     Paragraph 63 asserts legal arguments and conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants admit that between January 1, 2014 and December 31, 2020, the Plan had approximately 32,000 – 39,000 participants. Defendants deny all other allegations in Paragraph 63.

64.     Paragraph 64 asserts legal arguments and conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 64.

65. Paragraph 65 asserts legal arguments and conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 65.

66. Paragraph 66 asserts legal arguments and conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 66, inclusive of subparts (a) through (d).

67. Paragraph 67 asserts legal arguments and conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 67.

68. Paragraph 68 asserts legal arguments and conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 68.

69. Paragraph 69 asserts legal arguments and conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 69.

**<u>COUNT I</u>**
**Breach of Duty of Prudence**
**29 U.S.C. § 1104(a)(1)(A)–(B)**
**(against all Defendants)**

70. Paragraph 70 asserts legal arguments and conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 70.

71. Paragraph 71 asserts legal arguments and conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 71.

72.     Paragraph 72 asserts legal arguments and conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 72.

73.     Paragraph 73 asserts legal arguments and conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 73.

74.     Paragraph 74 asserts legal arguments and conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 74.

## COUNT II
### Failure to Monitor Fiduciaries (against Duke Energy)

75.     Paragraph 75 asserts legal arguments and conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 75.

76.     Paragraph 76 asserts legal arguments and conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 76.

77.     Paragraph 77 asserts legal arguments and conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 77.

78.     Paragraph 78 asserts legal arguments and conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 78.

79.     Paragraph 79 asserts legal arguments and conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 79, inclusive of subparts (a) through (c).

80.     Paragraph 80 asserts legal arguments and conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 80.

81.     Paragraph 81 asserts legal arguments and conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 81.

## PRAYER FOR RELIEF

Defendants deny the allegations set forth in all paragraphs of the Prayer for Relief and deny that Plaintiffs are entitled to any and all of the relief sought therein. Defendants also deny that Plaintiffs are entitled to any relief whatsoever, individually or on behalf of other participants in the Plan who they seek to represent.

*     *     *

Defendants deny all other allegations of Plaintiffs' Amended Complaint that were not previously admitted or otherwise responded to.

## DEFENDANTS' DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiffs and the putative class, and expressly denying any and all wrongdoing, Defendants allege the following defenses and affirmative defenses:

## FIRST DEFENSE

Plaintiffs' allegations in the Amended Complaint fail to state a claim upon which relief can be granted because, among other things, Plaintiffs fail to plausibly allege that Defendants breached

their fiduciary duties under ERISA with respect to the administration of the Plan and monitoring of fiduciaries.

## SECOND DEFENSE

The claims of Plaintiffs and the members of the putative class are barred, in whole or in part, by any applicable statute of limitations or repose including, but not limited to, ERISA § 413, 29 U.S.C. § 1113.

## THIRD DEFENSE

To the extent any named Plaintiff and/or any other members of the putative class have executed a waiver or release of claims against any or all of the Defendants, their claims may be barred, in whole or in part, by the waiver or release of claims.

## FOURTH DEFENSE

The claims of Plaintiffs and/or other members of the putative class are barred, in whole or in part, by their lack of standing.

## FIFTH DEFENSE

Plaintiffs and/or other members of the putative class are not entitled to the relief sought because the conduct alleged in the Amended Complaint did not cause them or the Plan to suffer any harm or loss.

## SIXTH DEFENSE

To the extent one or more Defendants are found to be a fiduciary, Defendants engaged in a prudent process to select and monitor recordkeeping and managed account services fees associated with the Plan.

## SEVENTH DEFENSE

One or more of the Defendants has not acted as a fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), with respect to all aspects of the administration of the Plan that are the subject of Plaintiffs' claims.

## EIGHTH DEFENSE

One or more of the Defendants are not liable with respect to any losses alleged by Plaintiffs that were purportedly caused by a breach of fiduciary duty because such breach was committed before that Defendant became a fiduciary or after that Defendant ceased to be a fiduciary, as set forth in ERISA § 409(b), 29 U.S.C. § 1109(b).

## NINTH DEFENSE

Defendants are relieved of any alleged liability for any alleged damages or losses based on the Plan participants' exercise of control over their individual accounts pursuant to ERISA § 404(c), 29 U.S.C. § 1104(c).

## TENTH DEFENSE

Any losses alleged by Plaintiffs and/or other members of the putative class were not caused by any fault, act or omission by Defendants, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a) and elsewhere, but were caused by circumstances, entities or persons, including Plaintiffs, for which Defendants are not responsible and cannot be held liable.

## ELEVENTH DEFENSE

Plaintiffs are not entitled to proceed on behalf of all Plan participants nor are they entitled to certification of this action as a class action because they cannot satisfy all requirements of Federal Rule of Civil Procedure 23.

## TWELFTH DEFENSE

Defendants presently have insufficient knowledge or information to form a belief as to whether there are additional defenses or affirmative defenses than those stated above, and have not knowingly or intentionally waived any applicable defenses or affirmative defenses.

Defendants expressly reserve the right to assert and rely upon such other defenses as additional information becomes available during discovery or otherwise. Defendants further reserve the right to amend their Answer and/or defenses accordingly, and/or to delete defenses they determine are not applicable, as additional information becomes available during discovery or otherwise.

\*　　　\*　　　\*

WHEREFORE, having answered Plaintiffs' Amended Complaint in its entirety, Defendants pray for judgment as set forth below:

    a.      An order dismissing all claims with prejudice;

    b.      An order awarding costs to Defendants;

    c.      An order awarding attorneys' fees to Defendants; and

    d.      Any such other and further relief as the Court deems just and proper.

Dated: February 28, 2022 By: /s/ E. Brantley Webb
E. Brantley Webb (*admitted pro hac vice*)
Michelle N. Webster (*admitted pro hac vice*)
Kelyn J. Smith (*admitted pro hac vice*)
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006
Telephone: 202-263-3000
Facsimile: 202-762-4201
bwebb@mayerbrown.com
mwebster@mayerbrown.com
kjsmith@mayerbrown.com

Nancy G. Ross (*admitted pro hac vice*)
Elaine Liu (*admitted pro hac vice*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: 312-701-8788
Facsimile: 312-706-8273
nross@mayerbrown.com
eliu@mayerbrown.com

Donald H. Tucker, Jr.
David R. Ortiz
SMITH, ANDERSON, BLOUNT,
DORSETT, MITCHELL & JERNIGAN,
L.L.P.
150 Fayetteville Street, Suite 2300
Raleigh, NC 27602
Telephone: 919-821-6681
Facsimile: 919-821-6800
dtucker@smithlaw.com
dortiz@smithlaw.com

*Attorneys for Defendants*
*Duke Energy Corporation and*
*Duke Energy Benefits Committee*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court

using the CM/ECF system, which will send notification of such filing to the following:


F. Hill Allen
THARRINGTON SMITH, L.L.P.
P.O. Box 1151
Raleigh, NC 27602-1151
Telephone: 919-821-4711
Facsimile: 919-829-1583
hallen@tharringtonsmith.com


Paul J. Lukas
Kai H. Richter
Brock J. Specht
Jennifer K. Lee
Ben J. Bauer
NICHOLS KASTER, PLLP
4700 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-338-4878
lukas@nka.com
krichter@nka.com
bspecht@nka.com
jlee@nka.com
bbauer@nka.com


Doron Levin
LEVIN LAW FIRM, PLLC
2000 West Loop South, Suite 2200
Houston, Texas 77027
Telephone: 713-229-9300
levin@law29.com


*Attorneys for Plaintiff*

This the 28th day of February, 2022.

MAYER BROWN LLP

By:     /s/ E. Brantley Webb
        E. Brantley Webb*
        Michelle N. Webster*
        Kelyn J. Smith*
        *admitted pro hac vice
        1999 K Street, N.W.
        Washington, DC 20006
        Telephone: 202-263-3000
        bwebb@mayerbrown.com
        mwebster@mayerbrown.com
        kjsmith@mayerbrown.com

        Nancy G. Ross*
        Elaine Liu*
        *admitted pro hac vice
        71 South Wacker Drive
        Chicago, Illinois 60606
        Telephone: 312-782-0600
        nross@mayerbrown.com
        eliu@mayerbrown.com

SMITH,   ANDERSON,   BLOUNT,   DORSETT,
MITCHELL & JERNIGAN, L.L.P.

        Donald H. Tucker, Jr.
        David R. Ortiz
        150 Fayetteville Street, Suite 2300
        Raleigh, NC 27602
        Telephone: 919-821-1220
        Facsimile: 919-821-6800
        dtucker@smithlaw.com
        dortiz@smithlaw.com

        Attorneys for Defendants
        Duke Energy Corporation and
        Duke Energy Benefits Committee