IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:20-CV-00528-KDB-DSC

| | |
|---|---|
| Michael Johnson and Willard Turpin, individually and as representatives of a class of similarly situated persons, and on behalf of the Duke Energy Retirement Savings Plan,<br><br>Plaintiffs,<br><br>v.<br><br>Duke Energy Corporation, Duke Energy Benefits Committee, and John and Jane Does 1-30,<br><br>Defendants. | **CONSENT PROTECTIVE ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the parties' Joint Motion for Consent Protective Order. Plaintiffs Michael Johnson and Willard Turpin and Defendants Duke Energy Corporation and Duke Energy Benefits Committee have met and conferred and agreed to this Consent Protective Order ("Order") in accordance with Federal Rule of Civil Procedure 26(c) under the terms set forth below, and having carefully considered the motion and the record, accordingly, it is ORDERED:

1. This Order applies to all information, Documents, including excerpts from and reproductions of Documents, and other materials produced in this action by any party or third party. As used in this Order, "Documents" is given its broadest meaning under the Federal Rules of Civil Procedure and includes, but is not limited to, all things enumerated in Federal Rule 34(a), all materials produced or adduced in the course of discovery, including initial disclosures,

1

responses to discovery requests, deposition testimony and exhibits, and other Documents produced as part of this action, as well as information derived directly therefrom.

2. Information, Documents, and other materials produced in this action may be designated by a party or third party in the manner permitted (the "Designating Person"). All such information, Documents, and other materials will constitute "Designated Material" under this Order. The designation shall be either: (a) "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY." This Order shall apply to Designated Material produced by any party or third party in this action.

3. "CONFIDENTIAL" information means information, Documents, or other materials that have not been made public by the disclosing party and that the Designating Person reasonably and in good faith believes contain or comprise: (a) nonpublic or proprietary business or commercial information (including without limitation business plans, product development information, marketing plans), nonpublic financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sales margins), trade secrets, research, other valuable or commercially sensitive information, or compliance, personnel, or administrative information; (b) sensitive personal information about a party, its employees, its clients, or third parties, including information implicating an individual's legitimate expectation of privacy; or (c) all Documents otherwise properly subject to a confidentiality order under Federal Rule 26(c).

4. "CONFIDENTIAL–ATTORNEYS' EYES ONLY" means CONFIDENTIAL information that the Designating Person reasonably and in good faith believes is so highly sensitive that its disclosure may compromise that party's confidential information, trade secrets, and/or competitive position, including, in particular, the personal and financial information of other

2

putative class members, any litigation release information of other putative class members, and any party's trade secrets or other highly confidential business information.

5. Designated Material shall not be used or disclosed for any purpose other than the litigation of this action, including any appeal. Designated Material may not be disclosed by any person to any person except to the following "Qualified Persons" as follows:

    a. **Named Parties:** Material designated "CONFIDENTIAL" may be disclosed to named parties to this action or directors, officers, and employees of named parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement.

    b. **Witnesses at Depositions, Hearings, or Trial:** Except as otherwise provided in paragraph 5(c), Designated Material, including material designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY, may be disclosed to a witness in this action, but only for purposes of the witness's testimony or preparation of the witness's testimony in this case, whether at trial, hearing, or deposition, but it may not be retained by the witness. A deposition witness may receive a copy of all exhibits marked at the witnesses' deposition in order to review the deposition transcript but may not retain any exhibits that include Designated Material. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing Exhibit A. If a witness refuses to sign Exhibit A, a witness's testimony may cease and the parties may seek

3

appropriate relief from the Court, or the parties may proceed by agreement with a witness's testimony.

c. **Outside Experts, Consultants, and Investigators:** Designated Material, including material designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY, may be disclosed to an outside expert, consultant, or investigator retained by a named party for the purpose of obtaining the expert, consultant, or investigator's assistance in the litigation. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing of Exhibit A.

d. **Counsel:** Designated Material, including material designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY, may be disclosed to counsel of record and in-house counsel for named parties to this action and their associates, paralegals, law clerks, and regularly employed office staff for purposes of this litigation.

e. **Other Service Providers:** Designated Material, including material designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY, may be provided as necessary to and received as necessary by copying, scanning, and document-management services; translators and interpreters; litigation-support firms; and court reporters and videographers used by a named party in this action. Before Designated Material is disclosed to such third parties, each such person must agree to be bound by this Order by signing Exhibit A.

f. **The Court and its Personnel:** Designated Material, including material designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY, may be provided to the Court and its personnel.

g. **Author or Recipient:** Designated Material, including material designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY, may be disclosed to the author or a recipient of the Designated Material (not including a person who receives the Designated Material in the course of litigation) or to any person who was present or participated in a meeting or discussion of the document before it was produced in this action, but only with respect to that specific document.

h. **Former Employees:** Material designated "CONFIDENTIAL" may be disclosed to former employees of the named parties to this action, who have a legitimate need to see the information in connection with assisting counsel in preparing the action for trial or settlement. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order by signing Exhibit A.

i. **Mediators:** Designated Material, including material designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY, may be disclosed to mediators engaged by the parties or the Court to assist in this litigation. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order by signing Exhibit A.

j. **Others by Consent or Order:** Designated Material may be provided to other persons by written consent of the Designating Person. If the

5

Designating Person provides written consent, the party intending to disclose the Designated Material shall provide written confirmation to the Designating Person that the person receiving the Designated Material is made aware of the provisions of this Order and has signed Exhibit A agreeing to be bound by this Order. Absent written consent of the Designating Person, Designated Material may be provided to other persons only following a meet and confer in an attempt to resolve the dispute and then upon order of the Court and on such conditions as may be agreed or ordered.

6. Prior to disclosing or displaying any Designated Material to any person listed in paragraph 5, counsel shall:

    a. Inform the person of the confidential nature of the Designated Material; and

    b. Inform the person that this Court has enjoined the use of the Designated Material by that person for any purpose other than this litigation and has enjoined the disclosure of that Designated Material to any other person.

7. If Designated Material is disclosed to any person other than in the matter authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such Designated Material, including using best efforts to retrieve all copies of such Designated Material, providing a copy of this Order to the person who was the recipient of such Designated Material, and using best efforts to obtain agreement from the recipient of such Designated Material to be bound by the Order by signing Exhibit A.

8. All Designated Material, including any notes, partial copies, or other records regarding the contents thereof, shall be maintained in the custody of counsel receiving such information, or other Qualified Person.

9. Counsel shall maintain a collection of all signed copies of Exhibit A for persons who have agreed to be bound by this Order.

10. Documents shall be designated by stamping or otherwise marking the Documents with the words "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY," thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. Designated Material not reduced to documentary form shall be designated by the Designating Person in a reasonably equivalent way.

11. The parties will use reasonable care to avoid designating as confidential Documents or information that does not need to be designated as such.

12. A party may submit a request in writing to a Designating Person that the designation of a Document be modified or withdrawn. The notice shall specify in reasonable detail the reason or reasons for the request. If the Designating Person does not agree to the redesignation within five business days (or within ten business days if the objecting party challenges multiple designations), the objecting party may apply to the Court for relief. The status of the Designated Material as CONFIDENTIAL or CONFIDENTIAL–ATTORNEYS' EYES ONLY shall be maintained until the Court's final ruling on the application. Upon any such application, the burden shall be on the Designating Person to show why the designation is proper. Before applying to the Court for relief, the objecting party must first attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter. Notwithstanding the designation or non-designation of any Documents or information, the parties reserve their rights to seek relief regarding material they

believe was illegally obtained, including, but not limited to, the return of the material and/or damages for misappropriation or unauthorized use.

13. Deposition transcripts and exhibits, or portions thereof, may be designated "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" either: (a) when the testimony is recorded or (b) by written notice to all counsel of record, given within thirty days after the Designating Person's receipt of the final transcript. Pending expiration of the thirty days, the deposition transcript and all exhibits shall be treated as "CONFIDENTIAL–ATTORNEYS' EYES ONLY." When testimony or an exhibit is designated at (or, in the case of an exhibit that is Designated Material, before) a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 5 of this Order. Any party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under paragraph 5 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

14. Any Designated Material which becomes part of an official judicial proceeding or which is filed with the Court is public. Such Designated Material will be sealed by the Court only upon motion and in accordance with applicable law. This Order does not provide for the automatic sealing of such Designated Material. If a party wishes to file with the Court Designated Material, including any deposition testimony, deposition exhibit, discovery pleading, answer or response to discovery pleading (including exhibits and/or attachments), motion, memorandum of law, affidavit, brief, or any other submission by any party is filed with the Court and includes, incorporates, or quotes Designated Material, a party must move to file the Designated Material under seal. Filing pleadings or other papers disclosing or containing Designated Material does not

8

Case 3:20-cv-00528-KDB-DSC   Document 61   Filed 04/14/22   Page 8 of 16

necessarily waive the designated status of the material. The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

15. The parties agree to follow Fed. R. Civ. P. 26(b)(4)(B) & (C) with respect to the protection against discovery of expert materials and communications.

16. Within sixty days of the conclusion of this action, including any appeals, all Designated Material produced by a party pursuant to this Order, and all copies thereof, shall be destroyed by the other party, except that counsel for each party is entitled to keep copies of notes, filings, discovery, and correspondence, and any attachments or exhibits thereto, including Designated Material, used in this litigation in a secure storage area subject to the terms of this Order. Upon request from the designating party, any other party shall confirm such destruction in writing to the designating party within ten business days. Nothing in this paragraph shall require a receiving party (or its counsel) to return, remove or delete or attempt to return, remove or delete information or documents in electronic form contained, embedded, archived or located on email servers, back-up tapes or other forms of electronic media or hardware or software used for electronic media.

17. Counsel may, for archival purposes, for six years after final conclusion of this litigation, or for lengths otherwise required by the applicable rules of professional responsibility, retain all Designated Materials filed or used at a hearing in this litigation, complete copies of all court transcripts, and pleadings including any exhibits attached thereto, subject to the provisions of this Order. Designated Materials retained for archival purposes that are not publicly filed or publicly used at a trial or hearing may not be used for any purpose unrelated to this litigation.

18. Inadvertent production of confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

19. Nothing in this Order shall require disclosure of information or material protected by the attorney-client privilege, or other privilege or immunity, and the production of such information or material shall not operate as a waiver. If a Designating Person becomes aware that it has produced information protected by the attorney-client privilege, attorney work product doctrine, or other privilege or immunity, the Designating Person will promptly notify each receiving party in writing of the production. When a party receives notice of such production, it shall return or confirm in writing that it has destroyed all copies of such produced material within five business days. Any notes or summaries referring or relating to any such produced information or material subject to claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege, attorney work-product immunity, or other applicable privilege designation by submitting a challenge to the Court. Should the receiving party contest the Designating Person's assertion of privilege or protection, it will notify the Designating Person within five busines days of its objection. The Designating Person bears the burden of establishing the privileged nature of any produced Document. Before applying to the Court for relief, the objecting party must first attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter. Each receiving party shall refrain from distributing or otherwise using the disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court. If a receiving party becomes aware that it is in receipt of information or material which it knows or reasonably should know is privileged, Counsel for the receiving party shall

immediately take steps, in accordance with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, to (i) stop reading such information or material, (ii) notify Counsel for the Designating Person of such information or material, (iii) identify all copies of such information or material, and (iv) return or certify destruction of such information or material to the Designating Person.

20. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, information, or other materials (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production, or to limit a party's right to object due to proportionality and burden specifically related to the costs of conducting such a review. Furthermore, nothing contained herein is intended to reduce the time frame provided to the disclosing party to complete their review should they choose to do so.

21. A producing party that redacts or withholds documents on the grounds of attorney-client privilege and/or work product protection shall provide a privilege log in an electronic spreadsheet format, with the following fields: Document Entry No., File Type, Production Begin Bates No., Production End Bates No., All Custodians, Date, Author/From, To, Subject (which may be redacted or withheld if it contains privileged information), Redacted/Withheld, Privilege, Description. The privilege log will be produced no later than forty-five days before the close of fact discovery, at the latest. Should the receiving party need more information about the privilege or protection asserted over a specific document in order to assess the claim of privilege pursuant to Rule 26(b)(5)(A), the receiving party must specify in writing the document(s) for which it is requesting additional information.

   a. Fully withheld email threads need only be logged once, in their most inclusive form.

      b.      Attorney-client privileged or work product communications that post-date the filing of the complaint need not be logged.

22.      If a party that receives Designated Material is served with a subpoena or an order issued in another proceeding that would compel disclosure of any Designated Material, the receiving party must notify the Designating Person, in writing, promptly and in no event more than five business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The receiving party also must promptly inform in writing the person who caused the subpoena or order to issue in the other proceeding that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the person in the other proceeding that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Person in this case an opportunity to try to protect Designated Materials in the proceeding in which the subpoena or order issued. The Designating Person shall bear the burden and the expense of seeking protection of Designated Materials, and nothing in this paragraph should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive in another proceeding. The obligations set forth in this paragraph remain in effect while the party has Designated Material in its possession, custody, or control.

23.      A party that receives information, Documents, or other materials from a nonparty through a subpoena shall promptly notify the other named parties in this action within five business days after receiving the information, Documents, or other materials. Counsel for the other named parties may request a copy of the Documents from the receiving party.

24. If requested, copies of documents or other materials received from third parties pursuant to subpoenas ("Third-Party Documents") shall, within ten business days of the request or receipt of the Third-Party Documents (whichever is later), be furnished by receiving counsel to opposing counsel at opposing counsel's (or his/her client's) expense. Opposing counsel and/or his/her client shall, within ten business days of the Third-Party Documents being received, advise counsel, in writing, if any of the Third-Party Documents are to be designated "Confidential" or "Confidential–Attorneys' Eyes Only" under this Confidentiality Agreement. Third-Party Documents shall not be provided to any persons other than those designated by paragraph 5 of this Order until either (a) such counsel is advised by opposing counsel, pursuant to this paragraph, if any of the Third-Party Documents are to receive a specific designation under this Order or (b) ten business days from the date the Third-Party Documents are received by opposing counsel, whichever occurs first. Counsel shall work in good faith to accommodate reasonable requests for extension of the "ten business day" timeframes provided in this paragraph, due to the particular format or volume of the Third-Party Documents being furnished.

25. Nothing in this Order restricts a party's use of Designated Material produced by that party.

26. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Order relating to Designated Material; or to apply to the Court for an order compelling production of Designated Material; or to object on any ground to the admission in evidence, at any trial, hearing, or public proceeding in this litigation, of Designated Material; or for modification of this Order; or to seek any other relief from the Court.

27. The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

Signed: April 14, 2022

**SO ORDERED**.

David S. Cayer
United States Magistrate Judge

STIPULATED AND AGREED BY THE PARTIES:

Dated: April 8, 2022

*/s/ Brock J. Specht*
Brock J. Specht (*admitted pro hac vice*)
Paul J. Lukas (*admitted pro hac vice*)
Ben Bauer (*admitted pro hac vice*)
4700 IDS Center
80 S. 8th St.
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-338-4878
bspecht@nka.com
lukas@nka.com
bbauer@nka.com

**THARRINGTON SMITH, L.L.P.**
F. Hill Allen
North Carolina State Bar No. 18884
P.O. Box 1151
Raleigh, NC 27602-1151
Telephone: 919-821-4711
Facsimile: 919-829-1583
hallen@tharringtonsmith.com

**LEVIN LAW FIRM, PLLC**
Doron Levin (*admitted pro hac vice*)
2000 West Loop South, Suite 2200
Houston, Texas 77027
Telephone: (800) 932-2694
levin@law29.com

*Attorneys for Plaintiffs*

Dated: April 8, 2022

*/s/ E. Brantley Webb*
E. Brantley Webb (*admitted pro hac vice*)
Kelyn J. Smith (*admitted pro hac vice*)
**MAYER BROWN LLP**
1999 K Street, N.W.
Washington, DC 20006
Telephone: 202-263-3000
bwebb@mayerbrown.com
kjsmith@mayerbrown.com

Nancy G. Ross (*admitted pro hac vice*)
Elaine Liu (*admitted pro hac vice*)
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: 312-782-0600
nross@mayerbrown.com
eliu@mayerbrown.com

Donald H. Tucker, Jr.
David R. Ortiz
**SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P.**
P.O. Box 2611
Raleigh, NC 27602-2611
Telephone: 919-821-6681
dtucker@smithlaw.com
dortiz@smithlaw.com

*Attorneys for Defendants*
*Duke Energy Corporation and*
*Duke Energy Benefits Committee*

**CONSENT PROTECTIVE ORDER**
**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:20-CV-00528-KDB-DSC**

| | |
|---|---|
| Michael Johnson and Willard Turpin, individually and as representatives of a class of similarly situated persons, and on behalf of the Duke Energy Retirement Savings Plan,<br><br>  Plaintiffs,<br><br> v.<br><br>Duke Energy Corporation, Duke Energy Benefits Committee, and John and Jane Does 1-30,<br><br>  Defendants. | **DECLARATION OF**<br><br>_____ |

1. My name is _____.

2. I live at: _____.

3. I am employed as (state position): _____.

4. The full name and address of my employer is: _____

5. I am aware that a Consent Protective Order ("Order") has been entered in the above-captioned matter entitled *Johnson et al. v. Duke Energy Corporation et al.*, Case No. 3:20-CV-00528, in the United States District Court for the Western District of North Carolina ("Court"). I have been provided with a copy of the Order.

15

6. I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" are confidential by Order of the Court.

7. In accordance with the Order, I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

8. Additionally, to the extent that I may have acquired confidential information in connection with my past or present employment by one of the parties to this lawsuit or its affiliates, I agree to honor any obligations I have as a result of my employment agreement or the company's policies and procedures to keep that information confidential and not to share it with any other party to this case, absent a subpoena or court order requiring me to do so.

9. I am aware that contempt sanctions may be entered against me for violation of the Protective Order.

10. I waive any objections to the exercise of personal jurisdiction over me by the Court with respect to the matters concerning the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct.

Executed this _____ day of _____ (Month), _____ (Year).

Signature:_____

Printed Name:_____